■ In the Matter of JAMES GORMLEY, Petitioner, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent.— Proceeding under former article 78 of the Civil Practice Act, to annul a determination of the New York City Transit Authority, which dismissed petitioner from his position of Maintainer's Helper B, effective January 21, 1959, upon charges: (1) that at or about 3:00 P.M. on July 2, 1957 he had loafed while on duty; and (2) that thereafter, without proper authority, petitioner absented himself from duty from July 2, 1957 until September 4, 1958. By order of the Supreme Court, Kings County, made March 8, 1960 pursuant to statute (Civ. Prac. Act, § 1296, now CPLR, § 7804, subd. [g]), the proceeding has been transferred to this court for disposition. Determination annulled on the law, with costs; order of dismissal vacated; and respondent Authority directed to reinstate petitioner to his former position, effective as of January 22, 1959. No questions of fact were considered. In our opinion, under all the circumstances, and particularly in view of the holding by the Workmen's Compensation Board that the claimant was unable to work during the period alleged, the respondent Authority failed, as a matter of law, to sustain the burden (imposed upon it by statute — Civil Service Law, § 75, subd. 2) of prov-

ing the claimed misconduct, namely: that petitioner was guilty of loafing or that he unjustifiably absented himself from duty during the said period. Christ, Brennan, Hill and Hopkins, JJ., concur; Ughetta, Acting P. J., dissents and votes to confirm the Authority's determination on the ground that the proof was sufficient to raise an issue of fact for its determination.